

**FILED**

JAN 0 7 2019

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| GARY L. QUIGG,<br><br>Petitioner,<br><br>vs.<br><br>JIM SALMONSEN, MONTANA BOARD OF PARDONS AND PAROLE, STATE OF MONTANA, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 18-77-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Gary L. Quigg's application for writ of habeas corpus under 28 U.S.C. § 2254. Quigg is a state prisoner proceeding pro se.

I.   **Motion to Strike**

On November 9, 2018, the Respondents' filed a "Notice of Change in Custody," (Doc. 15), advising that Court that in January of this year, Mr. Quigg would be released on parole to his federal detainer to begin serving his federal sentence. *See,* (Doc. 15-1.) In response, Quigg filed a Motion to Strike the filing, arguing that it was non-responsive and irrelevant. (Doc. 16.) As discussed below,

1

Quigg's custodial status is entirely relevant to this Court's review of its own jurisdiction, as well as to the overall resolution of the present habeas petition. Accordingly, Quigg's motion to strike will be denied.

## II.     28 U.S.C. § 2254 Petition

In the instant petition, Quigg challenges his 2017 parole revocation. He contends he was denied a fair hearing in the state court system and that the Montana Supreme Court's denial of his state habeas petition challenging the 2017 revocation and underlying proceedings "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." (Doc. 1 at 2.) Quigg alleges constitutional irregularities occurred during his initial on-site hearing, *id.* at 3-7, as well as during subsequent revocation proceedings held at the Montana State Prison in 2015 and in 2017. *Id.* at 7- 10.

As explained more fully below, Quigg's claims should be dismissed as moot.

### A. Procedural History

In 1969, following a jury trial in Montana's Thirteenth Judicial District, Quigg was found guilty of first degree murder. *See, State v. Quigg*, 155 Mont. 119, 121-22, 467 P. 2d 692, 693-94 (1970). Quigg was granted parole several different times. This Court is familiar with Quigg and has previously addressed

2

challenges made to his prior revocations of sentence by the Montana Parole Board.[1] Quigg now seeks to challenge the 2017 revocation of his parole.

In a state habeas action, the Montana Supreme Court summarized Quigg's preliminary proceedings follows:

> Quigg contends that his rights under the Montana and United States Constitutions were violated during his on-site and parole revocation hearings leading to his 2017 revocation. Quigg first contends that the on-site hearing was improper because he could not present his witnesses due to the hearing's location in the jail. He explains that following his arrest on September 15, 2015, he received from his Probation and Parole Officer (P.O.) a copy of the Report of Violations (ROV), which listed the alleged parole violations, specifically, Rule 8 (Laws and Conduct) and Rule 9 (Illegal Drug Use). Quigg states that, in response, he "completed a form specifying the names of witnesses he wished to call in his behalf and gave [the] same to [his] P.O...." He was later informed that the on-site hearing would be held at the Yellowstone County Detention Facility, and learned at the hearing that the facility's commander had refused attendance to his witnesses.

*Quigg v. Salmonsen*, OP 18-0098, Or. at 1-2 (Mont. Mar. 13, 2018).

Following Quigg's onsite hearing at the Yellowstone County Detention Center, a finding of probable cause was made. On October 8, 2015, Quigg was then transferred to the Montana State Prison for his revocation hearing. *Id.* at 4. The revocation hearing was scheduled for October 30, 2015, but was subsequently continued to November 24, 2015. *Id.* The Board then granted Quigg's request for counsel and the hearing was continued a second time. *See e.g.,* (Doc. 1 at 7-8;

---

[1] *See e.g., Quigg v. Montana Bd. of Pardons*, No. CV 00-38-H-DWM (D. Mont. June 13, 2002); *Quigg v. Mahoney, et. al.*, No. CV-05-14-H-DWM (D. Mont. Mar. 20, 2007).

3

Doc. 1-1 at 6)

On December 3, 2015, an indictment was filed in this Court, charging Quigg and two others with: Conspiracy to Possess with Intent to Distribute Methamphetamine, Possession with Intent to Distribute Methamphetamine, and Distribution of Methamphetamine. *See, USA v. Quigg*, CR 15-147-BLG-SPW. Quigg was taken out of state custody and into the custody of the United States Marshals Service (USMS) on December 29, 2015.

Following a four day jury trial, on February 2, 2017, Quigg was found guilty on all three federal counts. On June 30, 2017, Quigg was sentenced to the Bureau of Prisons for a term of 121 months, with the sentence to run consecutively to Quigg's state court sentence.[2]

Following Quigg's federal trial, on July 13, 2017, he was returned to the Montana State Prison. Quigg was advised that a final parole revocation hearing would be held in September of 2017. *See,* (Doc. 1 at 8; Doc. 1-1 at 7.) Due to a change in circumstance, specifically Quigg's conviction on the federal charges, the Parole Board rescinded its prior order appointing Quigg counsel. (Doc. 1-1 at 8-9.) On September 20, 2017, Quigg's parole was revoked and he was scheduled to

---

[2] It is well-established that the Court may take judicial notice of proceedings in other courts, both within and without the federal judicial system. *See e.g., Trigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011).

4

reappear before the Board in September of 2018. (Doc. 1-1 at 1.) As set forth above, the Board decided to parole Quigg on his federal detainer; Quigg acknowledged this decision on October 24, 2018. (Doc. 15-1.)

As of the date of this Order, Quigg has been paroled to serve his federal sentence and is no longer in the custody of the Montana State Prison.[3]

### i. Quigg's State Habeas Petition

Quigg's state habeas petition was denied on March 13, 2018. *Quigg v. Salmonsen*, OP 18-0098, Or. at 1-2 (Mont. Mar. 13, 2018). The Court determined, relative to Quigg's onsite hearing, that he was informed of the reasons for his arrest and was provided a copy of the Report of Violation. *Id.* at 3. Accordingly, Quigg was provided both proper notice and the opportunity to participate in the proceedings. To the extent that Quigg claimed he was denied the ability to present witness testimony, the Court found the claim lacked merit. *Id.* at 4.

In relation to Quigg's claim that his formal parole revocation hearing was unjustly delayed or that the rescission of counsel was made in bad faith, the Court, likewise, determined the allegations lacked merit. *Id.* at 4-5. Because Quigg failed to demonstrate that his constitutional rights were violated, that he was entitled to a new hearing, or that his incarceration was illegal, his petition was denied. *Id.* at 5.

---

[3] *See*, Montana Correctional Offender Network: https://app.mt.gov/conweb/Offender/12039 (indicating Quigg granted parole status on Wednesday, January 2, 2019)(accessed January 7, 2019).

5

### ii. Quigg's 42 U.S.C. § 1983 Complaint

Quigg filed a 1983 case advancing some of the same claims he attempts to raise in this habeas action. Specifically, Quigg claimed that he was denied procedural due process in relation to his preliminary parole revocation proceeding. Although the claim appeared to be barred by res judicata, this Court analyzed the merits of Quigg's claim and determined it was frivolous and that he failed to state a claim upon which relief could be granted. *See, Quigg v. Evans, et. al.*, No. CV-18-90-H-DWM-JTJ, Find. & Rec., at 13-20 (filed Dec. 26, 2018). This Court recommended dismissal of Quigg's civil complaint. *Id.* at 26-27.

### B. Mootness of Quigg's Federal Habeas Petition

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S. Ct. 1673, 1675 (1994). "The jurisdiction of federal courts is defined and limited by Article III of the United States Constitution. *Flast v. Cohen*, 392 U.S. 83, 94 (1968). Article III, § 2 of the Constitution requires a "case or controversy" for justiciability, meaning that an injury-in-fact has occurred. Throughout litigation an individual "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). When an individual is incarcerated, a challenge to the validity of his conviction satisfies the case-or-controversy requirement: the

ongoing incarceration constitutes a concrete injury and it is redressable by invalidation of the conviction. See *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "In general a case becomes moot 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)(quoting *United States Parole Comm'n v. Geraghty*, 455 U.S. 388, 396 (1980)).

"[T]he function of the writ [of habeas corpus] is to secure immediate release from illegal physical custody." *Picrin-Peron v. Rison*, 930 F. 2d 773, 775 (9th Cir. 1991). "The Supreme Court has held that 'under the writ of habeas corpus we cannot do anything else than discharge the prisoner from the wrongful confinement." *Id.* (quoting *Ex parte Medley*, 134 U.S. 160, 173 (1890)). As explained above,[4] Quigg was released from state custody earlier this month. In his petition, as part of the relief requested, Quigg asked this Court to order his release from state custody so that he may begin serving his federal sentence. *See,* (Doc. 1 at 11.) In light of Quigg's release from state custody to parole on his federal detainer, this Court cannot now provide him with the relief sought; there is no case or controversy for this Court to resolve. Or to put it another way, there is no injury that can be redressed by a favorable decision and the case is now moot. *See, Burnett v. Lampert*, 432 F. 3d 996, 999-1001 (9th Cir. 2005); *Munoz v. Rowland*,

---

[4] *See,* f.n. 3, *supra.*

7

104 F. 3d 1096, 1097-98 (9th Cir. 1997)("Because Munoz has been released...we can no longer provide him the primary relief sought in his habeas corpus petition").

Additionally, there is no indication that Quigg will again be subjected to this same set of circumstances, accordingly, "[t]his is not a situation 'capable of repetition, yet evading review' to which the doctrine of mootness may not apply." *Reimers v. Oregon*, 863 F. 2d 630, 632 (9th Cir. 1988)(*quoting Cox v. McCarthy*, 829 F. 2d 800, 803)(9th Cir. 1987).

Quigg's claims are moot and his petition should be dismissed.

### III.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

As explained herein, a review of all of the materials provided by Quigg, as well as the Montana Supreme Court's denial of Quigg's state habeas petition and

this Court's review of similar claims advanced in his § 1983 case, Quigg has failed to make a substantial showing that he was deprived of a constitutional right. Moreover, because the claims are now moot, Quigg cannot demonstrate the existence of close questions or that there is a reason to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## ORDER

Quigg's Motion to Strike (Doc. 16) is DENIED.

## RECOMMENDATION

1. Quigg's petition (Doc. 1) should be DISMISSED as moot.

2. The Clerk of Court should be directed to enter, by separate document, a judgment in favor of Respondents.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Quigg may object to this Findings and Recommendation within 14 days.[5] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de

---

[5] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Quigg is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

novo determination by the district judge and/or waive the right to appeal.

<u>Quigg must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this case without notice to him.

DATED this 7th day of January, 2019.

*/s/ John Johnston*
John Johnston
United States Magistrate Judge